**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| JAKOTA CABLE CONSTRUCTION LLC | § | |
| | § | |
| | § | |
| | § | Case Number: _____ |
| VS. | § | |
| | § | |
| SCOTTSDALE INSURANCE CO. and | § | |
| TOWER NATIONAL INSURANCE CO. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE UNITED STATES DISTRICT JUDGE:

Jakota Cable Construction, LLC ("Jakota") files its original complaint as follows:

**NATURE OF THE ACTION**

1.     This action involves an insurance coverage dispute and seeks a declaratory judgment pursuant to 28 U.S.C. §2201 and damages for breach of the insurance contract.

**PARTIES**

2.     Jakota is a Texas limited liability company with its principal place of business in Houston, Texas.

3.     Scottsdale Insurance Company ("Scottsdale") is an authorized surplus lines carrier doing business in the State of Texas, and is incorporated in Ohio with its principal place of business in Scottsdale, Arizona.   Scottsdale may be served by serving the Texas Commissioner of Insurance as its agent by certified mail return receipt requested at P.O. Box 149104, Austin, Texas 78714-9104. The Commissioner may then forward process to R. Lindsey McCutchan, 8877 N. Gainey Center Drive, Scottsdale Arizona 85258.

4.     Tower National Insurance Company ("Tower") is an authorized and admitted carrier doing business in the State of Texas, and is incorporated in Massachusetts with its

principal place of business in New York. Tower may be served with citation by serving its registered agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

5.      Plaintiff has complete diversity of citizenship with Defendants and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.  Thus, subject matter jurisdiction is proper pursuant to 28 U.S.C. §1332.  Underlying this matter is a lawsuit filed in Harris County, Texas involving an incident in Harris County, Texas, which is located within the territorial jurisdiction of the U.S. District Court for the Southern District of Texas. Thus, venue is proper pursuant to 28 U.S.C. §1391(b)(2).

6.      This court has personal jurisdiction over Scottsdale and Tower because they do business in Texas.  Scottsdale has purposefully availed itself of the Texas forum by obtaining authorization as an eligible surplus lines carrier through the Texas Department of Insurance. Tower has purposefully availed itself of the Texas forum by obtaining authorization as an admitted carrier through the Texas Department of Insurance.  Moreover, Scottsdale and Tower have entered into contracts with a Texas resident, Jakota, which are performable in whole or in part in Texas.  This cause of action arises out of Scottsdale's and Tower's business and contracts in Texas.  Additionally, or in the alternative, Scottsdale and Tower have regular and systematic contacts with Texas such that traditional notions of fair play and substantial justice are satisfied by this court's exercise of personal jurisdiction.

## FACTS

7.      Scottsdale issued CGL policy No. CPS1548577 for the policy period of May 31, 2012 to May 31, 2013 to the primary named insured, Jakota (the "CGL Policy"). *See* Ex. "A."

Tower issued commercial auto policy no. BAPDK0025212 for the policy period of May 24, 2012 to May 24, 2013 to the primary named insured, Jakota (the "Auto Policy"). *See* Ex. "B."

8.      Jakota has been sued in the lawsuit styled *Jose D. Rivera v. Jakota Cable Construction, LLC;* Cause *No.* 2013-52311 in the District Court of Harris County, Texas 11th Judicial District (the "Underlying Lawsuit").  In the Underlying Lawsuit, Plaintiff Rivera alleges that he was "severely injured while installing cable wire" when "his upper arm made contact with low hanging 17,000 volt CenterPoint power line." *See* Ex. "C," the Second Amended Petition in the Underlying Lawsuit.  Mr. Rivera alleges that "the accident occurred while Plaintiff was using a bucket truck owned by Jakota at or near the intersection of the 3100 block of McCulloch and the 5500 block of Hidalgo in Houston, Harris County, Texas."  Mr. Rivera brings a negligence cause of action against Jakota.  He seeks is in excess of $1,000,000.

9.      The Underlying Lawsuit was tendered to Scottsdale for defense and coverage. Scottsdale initially defended its insured, Jakota, pursuant to a reservation of rights. Subsequently, on September 29, 2014, Scottsdale abruptly changed course, and issued an intent to withdraw its defense and deny coverage effective November 1, 2014.   Subsequently, Scottsdale did in fact withdraw its defense and denied coverage on November 1, 2014.

10.      The Underlying lawsuit also was tendered to Tower.  By letter dated November 25, 2014, Tower denied defense and coverage for the Underlying Lawsuit.

## CAUSE OF ACTION—BREACH OF CONTRACT

11.      Scottsdale and Jakota entered into a valid and binding contract (*i.e.,* the CGL Policy).  Jakota fulfilled its obligations under the CGL Policy.  Scottsdale, however, breached the contract by withdrawing the defense of its insured, Jakota, and refusing to provide a defense

from that point forward.  As a result of Scottsdale's breach of contract, Jakota has suffered damages within the minimum jurisdiction of this court for which it now sues.

12.     Scottsdale's denial relies on Exclusion G (the "Auto Exclusion) as the basis for Scottsdale's withdrawal of the defense and denial of coverage for Jakota.  The Auto Exclusion excludes, in relevant part, coverage for the bodily injury "arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured."  Scottsdale is correct that the bucket truck is an "auto" as defined under the Scottsdale policy.  However, Scottsdale is incorrect in asserting that the Auto Exclusion excludes coverage because the claims in the Underlying Lawsuit fall within an exception to that exclusion.

13.     The Auto Exclusion provides, in relevant part, as follows:

> This exclusion does not apply to:
>
> ***
>
> (5)     "Bodily injury" or "property damage" arising out of:
>
> ***
>
> (b)     the operation of any of the machinery or equipment listed in Paragraph f. (2) or f. (3) of the definition of "mobile equipment".

Thus, the Auto Exclusion does not apply to the operation of any machinery listed in paragraph f. (2) or f. (3) of the definition of mobile equipment.  Paragraph f (2) of the definition of "mobile equipment" states as follows:

> (2)     Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers;

14.     The allegations in the Underlying Lawsuit are that the injury arose while Plaintiff was using the bucket truck to install cable when he hit a high voltage power line on a utility pole.

These are allegations that the injury arose out of the operation of the cherry picker, as Plaintiff was in the bucket working to install cables at the time of the accident and injury.  Thus, although the bucket truck is an auto, the operation of the "devices mounted on . . . the truck chassis and used to raise or lower workers" is excepted from the Auto Exclusion.

15.    The allegations in the Underlying Lawsuit fall within the exception to the Auto Exclusion such that Scottsdale owes defense to Jakota for the Lawsuit. At the very minimum, the allegations are unclear as to whether the exception is applicable and, thus, unclear as to whether Scottsdale ultimately would owe coverage for the Lawsuit. Thus, the Underlying Lawsuit states a potentially covered claim such that Scottsdale owes a duty to defend.

16.    Scottsdale asserts that the coverage should fall within the Auto Policy.  Jakota believes that the claim falls within the Scottsdale policy. However, pleading strictly in the alternative and in the unlikely event that it was to be determined that Scottsdale is correct and that the Auto Policy should provide defense and coverage for the Underlying Lawsuit, then Tower has breached its contract with Jakota.

17.    Tower and Jakota entered into valid and binding contract (i.e., the Auto Policy). Jakota fulfilled its obligations under the policy.  Pleading in the alternative, Tower breached its contract by denying defense and coverage of the Underlying Lawsuit, causing Jakota to suffer damages within the minimum jurisdiction of this court for which it now sues.

## CAUSE OF ACTION-DECLARATORY RELIEF

18.    Pursuant to 28 U.S.C. §2201, there is an actual controversy between the parties and Plaintiff seeks a declaration as to the rights and other legal relations of the interested parties. More particularly, the actual controversy involves the current and ongoing obligation to defend Jakota.  Jakota seeks a declaration that Scottsdale owes a duty to defend to Jakota for the claims

asserted in the Underlying Lawsuit or, in the alternative that, Tower owes a duty to defend Jakota for the claims asserted in the Underlying Lawsuit.  For the same reasons that Scottsdale or Tower owes a duty to defend, one or the other will also owe a duty to provide coverage but such a determination is premature at this time.

## DAMAGES

19.     As a result of the breach of contract, Jakota has suffered and will continue to suffer damages in the form of legal costs for defending itself in the Underlying Lawsuit.

## ATTORNEY'S FEES

20.     As a result of the breach of contract, Jakota hired Munsch Hardt Kopf & Harr, PC to prosecute this lawsuit.  Pursuant to Tex. Civ. Prac. & Rem. Code Chapter 38, Jakota seeks recovery of the reasonable and necessary attorney's fees incurred in this action.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear herein.  Plaintiff further prays that, upon final trial, Plaintiff recover all amounts for the damages sustained, court costs, pre- and post-judgment interest, attorneys' fees and all such further relief to which Plaintiff may be justly entitled.  Plaintiff also seeks a declaration that Scottsdale owes a duty to defend Jakota for the claims asserted in the Underlying Lawsuit or, in the alternative that Tower, owes a duty to defend Jakota for the claims asserted in the Underlying Lawsuit.

Respectfully submitted,

By:/s/ James M. Bettis, Jr.
    James M. Bettis, Jr.
    jbettis@munsch.com
    State Bar No. 02268650
    ATTORNEY IN CHARGE FOR JAKOTA
    CABLE CONSTRUCTION, LLC

OF COUNSEL:

MUNSCH HARDT KOPF & HARR, PC

Paul Sculley
psculley@munsch.com
State Bar No. 24008006
700 Milam Street, Suite 2700
Houston, Texas 77002-2806
Tel:  (713) 222-1470
Fax:  (713) 222-1475